IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:22-cv-00289-M

| | |
|---|---|
| SEAN B. MAYO,<br><br>                          Plaintiff,<br><br>vs.<br><br>ROCKY MOUNT POLICE DEPARTMENT;<br>ROCKY MOUNT COMMUNITY<br>CORRECTION JUDICIAL CENTER<br>PROBATION DEPARTMENT,<br><br>                        Defendants. | **MEMORANDUM IN SUPPORT<br>OF DEFENDANT ROCKY MOUNT<br>POLICE DEPARTMENT'S<br>MOTION TO DISMISS** |

Defendant Rocky Mount Police Department ("RMPD"), by and through its undersigned counsel, and pursuant to Local Rule 7.3, offers this Memorandum in Support of its Motion to Dismiss. (D.E. 13.)

## **NATURE OF THE CASE**

On August 1, 2022, Plaintiff Sean B. Mayo ("Plaintiff") filed a Complaint *pro se* against RMPD and the "Rocky Mount Community Correction Judicial Center Probation Department" ("Community Correction"). (D.E. 1) Plaintiff alleges one or more claims for illegal search and false arrest, and seeks damages for "pain and suffering afraid for life." (D.E. 1, p. 3) Plaintiff's Complaint alleges "two probation officers" searched his home whom told Plaintiff he "couldn't leave to go to the store." Plaintiff further alleges the probation officers searched his truck and subsequently arrested him. There are no allegations that any employee of the RMPD was involved in the search or arrest. RMPD has moved to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 13.)

## STATEMENT OF THE FACTS

Plaintiff's claims appear to arise from an incident that allegedly took place on August 12, 2019. He alleges he arrived at his home and two probation officers were searching his home. The probation officers told Plaintiff he could not leave the home to go to a store. The probation officers searched his truck and storage building and eventually arrested him. Finally, Plaintiff alleges the State Court Magistrate Judge dismissed the charges saying "It was an illegal search." As stated above, Plaintiff alleges the search and arrest were made by "two probation officers" and not by RMPD officers.

The co-defendant in this case is captioned "Rocky Mount Community Correction Judicial Center Probation Department". Community Correction comes under the N.C. Department of Public Safety – Division of Adult Correction and Juvenile Justice and is an agency of the State. *See* NC. Gen. Stat. § 143B-1150, *et seq*. This fact is further evidenced by the Notice of Appearance filed by the N.C. Department of Justice as the attorneys for Community Correction. There is no allegation that the RMPD has any authority over Community Corrections or that Community Correction's employees acted on behalf of the RMPD.

## LEGAL ARGUMENT

Plaintiff's claims are based on purported violations of his rights due to a search and arrest conducted by two probation officers. (D.E. 1.) While not pled, RMPD presumes Plaintiff's actions fall under 42 USC §42 USC §1983, which imposes liability against "every person" who, acting under color of state law, deprives another of his or her rights secured by the Constitution or federal law. 42 U.S.C. § 1983. Because RMPD is not an entity that is capable of being sued, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

Additionally, Plaintiff's Complaint does not contain any allegation that anyone associated with the RMPD acted in any way that caused him to be searched or arrested. As such, the Complaint should be dismissed.

I. **STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy the "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In making this determination, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but it does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

II. **PLAINTIFF'S CLAIMS AGAINST RMPD SHOULD BE DISMISSED BECAUSE THE "ROCKY MOUNT POLICE DEPARTMENT" IS NOT AN ENTITY CAPABLE OF BEING SUED.**

The capacity of an entity to be sued in federal court is governed by the law of the state in which the federal district court is located. *Avery v. Burke Cnty.*, 660 F.2d 111, 113–14 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)). In North Carolina, unless otherwise provided by statute, "only persons in being may be sued." *Ostwalt v. Charlotte-Mecklenburg Bd. of Educ.*, 614 F. Supp. 2d 603, 607 (W.D.N.C. 2008) (citing *McPherson v. First & Citizens Nat'l Bank*, 240 N.C. 1, 18, 81 S.E.2d 386, 397 (1954)). A police department is not a "person in being," and there is no statute authorizing suit against a police department. *Id.*; *Davis v. Matroo*, No. 5:13-CV-00233, 2013 WL

5309662, at *2 (E.D.N.C. Sept. 19, 2013) (citing *London v. Hamilton*, No. 3:95-CV-347, 1996 WL 942865, at *8 (W.D.N.C. Nov. 27, 1996), *aff'd*, 145 F.3d 1325 (4th Cir. 1998) (table)); *Wright v. Town of Zebulon*, 202 N.C. App. 540, 543, 688 S.E.2d 786, 789 (2010). The Fourth Circuit has recognized, accordingly, that "[u]nder North Carolina law, police departments cannot be sued as entities." *Smith v. Munday*, 848 F.3d 248, 256–57 (4th Cir. 2017) (citations omitted).

On this basis, the federal district courts, including those in North Carolina, have routinely dismissed complaints against municipal police departments. *See, e.g.*, *Smith*, 848 F.3d at 257 (affirming dismissal of claims against Lincolnton Police Department); *Moore v. City of Asheville*, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003) (dismissing claims against Asheville Police Department, which is not a "person" and, therefore, lacks capacity to be sued), *aff'd*, 396 F.3d 385 (4th Cir. 2005); *Wesley v. Charlotte-Mecklenburg Cnty. Police Dep't*, No. 3:19-CV-425, 2020 WL 5822216, at *4–5 (W.D.N.C. Sept. 30, 2020) (dismissing claims against Charlotte-Mecklenburg County Police Department pursuant to Rule 12(b)(6)); *Sharpe v. Winterville Police Dep't*, No. 4:19-CV-157-D, 2020 WL 4912297, at *3 (E.D.N.C. Aug. 20, 2020) (same as to claims against Winterville Police Department); *Wilson v. Fayetteville Police Dep't*, No. 5:13-CV-178, 2014 WL 555663, at *1–2 (E.D.N.C. Feb. 11, 2014) (same as to claims against Fayetteville Police Department); *Wilcoxson v. City of Raleigh*, No. 5:13-CV-732, 2014 WL 3895940, at *2 (E.D.N.C. July 18, 2014) (same as to claims against Raleigh Police Department); *Davis*, 2013 WL 5309662, at *2–3 (same); *London*, 1996 WL 942865, at *8 (same as to claims against Charlotte Police Department).

As outlined above and under this well-established precedent, Plaintiff's claims against RMPD fail as a matter of law and should be dismissed pursuant to Rule 12(b)(6).

III. **FURTHER, PLAINTIFF'S CLAIMS AGAINST RMPD SHOULD BE DISMISSED BECAUSE THE COMPLAINT DOES NOT ALLEGE ANY EMPLOYEE OF THE RMPD ACTED TO CAUSE PLAINTIFF TO BE SEARCHED OR ARRESTED.**

RMPD acknowledges that Plaintiff is *pro se* and such litigants are granted some latitude in construing the sufficiency of their complaints and their actions not be "tripped up on technical niceties." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-1278. However, even a *pro se* complaint must contain allegations against a defendant that support the claim for relief sought against it.

*Beaudett* is instructive as it dealt with a complaint where the plaintiff sought a jury trial against the City of Hampton, VA. Plaintiff alleged he tripped over a curb in the city and was injured. He sued the city in state court and the court ruled in the city's favor. The plaintiff then filed an action in the United States District Court seeking a jury trial for his fall, asserting a freedom of speech claim and one for equal protection from persecution. *Id* at 1276-1277. The District Court granted the defendants' Motion to Dismiss and that ruling was affirmed by the Fourth Circuit Court of Appeals. The appellate court concluded the complaint, even when reviewed in the light most favorable to the plaintiff, failed to state a claim upon which relief could be granted. *Id.* at 1277-1278. His allegations were he was entitled to a jury trial, but those allegations did not support a claim for such a trial. Plaintiff had his opportunity to present his case in state court and that claim was dismissed. Similarly, in the present case, Plaintiff alleges he arrived at his house and found "two probation officers" searching his home without a search warrant. Those same officers allegedly arrested him. While Plaintiff has sued the RMPD (which claim should be dismissed as stated above), his complaint does not allege any facts that any RMPD employee searched him or his property or arrested him. As such, the Motion to Dismiss of the RMPD should be granted.

## CONCLUSION

The RMPD is not a legal entity subject to being sued. Additionally, Plaintiff's Complaint does not allege the RMPD searched him nor arrested him. Therefore, based on the foregoing, RMPD respectfully requests that the Court grant its Motion to Dismiss and dismiss with prejudice all of Plaintiff's claims against RMPD in this action.

This the 19th day of September, 2022.

By: /s/ J. Nicholas Ellis
J. Nicholas Ellis
State Bar No. 13484
jnellis@poynerspruill.com
Poyner Spruill LLP
P.O. Box 353
Rocky Mount, NC 27802-0353
Tel: (252) 446-2341
Fax: (919) 783-1075
Attorneys for Defendant Rocky Mount Police Department

## CERTIFICATE OF WORD COUNT

I certify that the foregoing memorandum was prepared with the Microsoft Word processing program in 12-point Times New Roman font and contains 1504 words (excluding case caption, signature block and required certificates), according to the program's word count, and thus complies with the word limitation of 8,400 words.

This the 19th day of September, 2022.

                                                          /s/ J. Nicholas Ellis  
                                                          J. Nicholas Ellis

# CERTIFICATE OF SERVICE

I hereby certify that I have on this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing (NEF) to all CM/ECF registered attorneys listed on the NEF, and I further certify that I have mailed (and e-mailed) the same to the following non-CM/ECF participants:

| | |
|---|---|
| Sean B. Mayo<br>P.O. Box 2922<br>Rocky Mount, NC  27802<br>*Pro Se Plaintiff* | Sonya Calloway-Durham<br>Special Deputy Attorney General<br>N.C. Department of Justice<br>Post Office Box 629<br>Raleigh, N.C.  27602<br>scalloway@ncdoj.gov |

This the 19th day of September, 2022.

/s/ J. Nicholas Ellis
J. Nicholas Ellis