IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00289-M-RN

**Sean B. Mayo**,

    Plaintiff,

v.

**Rocky Mount Police Department,** et al.,

    Defendants.

**Memorandum & Recommendation**

Sean B. Mayo, representing himself, has sued the Rocky Mount Police Department, the Rocky Mount Community Correction Judicial Center Probation Department, one RMPD police officer, and two probation officers for alleged violations of his Fourth Amendment rights. *See* Compl. at 2,[1] D.E. 1; Suppls. to Compl., D.E. 52, 52–1, 52–2. Mayo claims that the officers searched his broken-down vehicle and a building on his property before arresting him without a warrant.[2] *See* Compl. at 2. Last month, RMPD moved to dismiss the claims against it, alleging that it is not an entity that can be sued. Mot. Dismiss, D.E. 59. For the reasons below, the undersigned recommends that the district court grant the Department's motion.

**I.    Discussion**

RMPD's argues that Mayo's complaint should be dismissed because it fails to state a claim for relief. The Supreme Court has explained that, to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[1] Mayo's complaint does not contain numbered paragraphs. Thus, citations to the document will point to pages rather than paragraphs.
[2] A fuller factual background can be found in the court's March 30, 2023 Order granting Mayo's motion to add the individual officers to his suit. *See* March 30, 2023 Order at 2–3, D.E. 56. The full factual and procedural history of Mayo's case is unnecessary to resolve RMPD's motion.

relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory or no more than a formulaic recitation of the elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

Mayo's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson* v. *BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); *see Giarratano*, 521 F.3d at 304 n. 5.

Mayo contends that Defendants violated his Fourth Amendment rights by searching his property and arresting him without a warrant. Compl. at 2. This claim arises out of 42 U.S.C. §1983, which creates civil liability for any person acting under the color of state law who deprives

2

a plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Therefore, to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West* v. *Atkins*, 487 U.S. 42, 48 (1988); *Philips* v. *Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

To determine whether an entity may be sued under § 1983, federal district courts look to the law of the state in which they sit. Fed. R. Civ. P. 17(b)(3). The Supreme Court of North Carolina has held that, "in the absence of a statute, the capacity to be sued exists only in persons in being." *McPherson* v. *First & Citizens Nat'l Bank*, 81 S.E.2d 386, 397, 240 N.C. 1 (N.C. 1954). For police departments, no such statute exists—the Fourth Circuit has found that, under North Carolina law, "police departments cannot be sued as entities." *Smith* v. *Munday*, 848 F.3d 248, 256 (4th Cir. 2017) (citations omitted). Thus, the district court should dismiss Mayo's claims against RMPD.

## II. Conclusion

For the reasons discussed above, the district court should grant RMPD's motion to dismiss (D.E. 59).

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared here. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will

3

Case 5:22-cv-00289-M-RN    Document 82    Filed 05/22/23    Page 3 of 4

have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: May 22, 2023

_____
Robert T. Numbers, II
United States Magistrate Judge