FILED

OCT 01 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:22-CV-00289-M

| | | |
|---|---|---|
| SEAN B. MAYO, | ) | |
| | ) | |
| Plaintiff, | ) | OBJECTION TO DEFENDANTS |
| | ) | MOTION TO DISMISS |
| | ) | |
| VS. | ) | |
| | ) | |
| COMMUNITY CORRECTIONS | ) | |
| DENNIS PARRIS, et al. | ) | |
| Defendants. | ) | |

Plaintiff, a pro se must disagree with the defendants motion to dismiss. Community Corrections was given an opportunity to disclose officer Parris and Johnson names. These names were requested by the plaintiff to supervisor Joe White who refused to release the officers name. The court had to request the officers names. For that sole reason to add to the complaint.

On August 12, 2019 defendant Dennis Parris did indeed stop the plaintiff from leaving his home officer Parris did have his gun drawn. Dennis nor Johnson had A body camera on at the time allegedly. There for will like to make the matter disappear. There is body camera from RMPD summited. As plaintiff is being questioned on video body camera. Plaintiff is heard saying that officer Parris told plaintiff he couldn't leave. Plaintiff says also on body camera that Officer Parris was pointing his gun at plaintiff as if plaintiff Phone was a gun. Parris was scary like plaintiff was out to hurt him. Parris says to officer on body camera I just told him to take his hands out his pocket. These conversations are on body camera. Shows more than the defendant is wanting the court to acknowledge.

All three defendants has ask the court for a prayer of judgment. That was granted by the court. Court dismissed the complaint of two defendants. Officers statement was conflicting judge said to defendant Parris not dismissing plaintiff complaint against Officer Parris. There are multiple discrepancies between community correction Offices sworn statements made to the court. Plaintiff deserve his day in court to debunk defendants claims.

A hearing between plaintiff and defendants was held by the court. At that time the judge ordered the release of community corrections officers involved names to plaintiff. Judge also warned community corrections about dragging the courts' valuable time. Be

prepared for the court's deadlines. But that is exactly what the community corrections have done to the courts' valuable time dragging along. Each and every attempt to extend has been granted. Community Correction has not disclosed to pro se Plaintiff the copy of officer Johnson nor Officer Parris statements to the courts. Defendants have made this argument to dismiss to the court before and fell short. The defendant already agreed to a trial. This is the one thing the plaintiff and defendant agree on. Lets not deny the plaintiff his day to prove his case.

Plaintiff is with the Lgbtq community and will not be labeled. Plaintiff never said he and Probationor Ms. Lynch was in any kind of relationship. Ms. Lynch Did not live at the plaintiff house. Plaintiff told officer Johnson Ms. lynch did not live at plaintiff address the day before incident. August 12, 2019

*[signature]*

10-01-2024