UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-CV-00289-M-RN

| | |
|---|---|
| SEAN B. MAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **DEFENDANT'S MEMORANDUM IN** |
| vs. | ) **SUPPORT OF MOTIONS IN LIMINE** |
| | ) |
| ROCKY MOUNT POLICE | ) |
| DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

NOW COMES Defendant Dennis Parris (hereafter "Defendant"), by and through Special Deputy Attorneys General, J. Locke Milholland, IV, and Laura S. Jenkins and hereby submit their Memorandum in Support of their Motions *in Limine*. In support Defendant shows as follows:

**A. Defendants' Defense Under the Defense of State Employees' Act, Including that the State Would Pay Any Judgment Rendered**

The Defendants' defense under the Defense of State Employees' Act is not relevant to any of the issues in this case. In addition to it being irrelevant, any mention of it would be highly prejudicial to Defendants, especially if the jury were to learn that the State (not Defendants) would pay any judgment that was rendered. It should be excluded under Rule 403 and 4011. Fed. R. Evid. 403 & 411.

**B. The Financial Wherewithal of the Defendants or Their Relative Wealth or Lack Thereof, or a Discussion of How the Verdict May Affect Them**

Evidence of a party's wealth, or lack thereof, is improper and calculated to appeal to the sympathy of the jury. *Watson v. White*, 309 N.C. 498, 507, 308 S.E.2d 268, 273 (1983); *see also*

1

*Loussier v. Univ. Music Group, Inc.*, 2005 WL 5644421 at *2 (S.D.N.Y. July 14, 2005). Moreover, jurors have a tendency to favor the poor against the rich and are likely to apply the "deep pocket" theory of liability, or to adjust the size of the verdict according to the financial ability of the party who must pay it. *See* 75 Am. Jur. 2d Trial § 672. Consequently, evidence on the financial wherewithal of the parties, or how the verdict may affect them, is improper. This rule is based upon the "fundamental principle that in a court of justice neither the wealth of one party or the poverty of the other should be permitted to affect the administration of the law." *Lutz Industries, Inc. v. Dixie Home Stores*, 242 N.C. 332, 344, 88 S.E.2d 333, 342 (1955); *see also City of Cleveland v. Peter Kiewit Sons Co.*, 624 F.2d 749, 757 (6th Cir. 1980).

In this case, evidence relating to the financial wherewithal of the Defendants, including any discussion as to how a verdict may affect them, is irrelevant and would be highly prejudicial if allowed. Consequently, this evidence should be excluded. *See* Fed. R. Evid. 401 & 403.

## C. A Specific Dollar Amount of Damages in *Voir Dire*

The legitimate purpose of *voir dire* is to obtain an impartial jury. *U.S. v. Schnabel*, 939 F.2d 197, 201 (4th Cir. 1991); *State v. Godley*, 140 N.C. App. 15, 22 (2000). Federal judges have been accorded ample discretion in determining how best to conduct the voir dire. *Rosales-Lopez v. U.S.*, 451 U.S. 182, 182 (1981); *see also State v. Bracey*, 303 N.C. 112, 119 (1981). "Generally, counsel may not pose hypothetical questions during *voir dire* that are designed to elicit in advance what the juror's decision will be under a certain state of the evidence or upon a given state of facts." 47 Am. Jur. 2d Jury § 174. The North Carolina Supreme Court explained:

> Counsel may not pose hypothetical questions designed to elicit in advance what the juror's decision will be under a certain state of the evidence or upon a given state of facts. In the first place, such questions are confusing to the average juror who at that state of the trial has heard no evidence and has not been instructed on the applicable law. More importantly, such questions tend to "stake out" the juror and cause him to pledge himself to a future course of action. This the law neither

> contemplates nor permits. The court should not permit counsel to question prospective jurors as to the kind of verdict they would render, or how they would be inclined to vote, under a given state of facts.

*State v. Vinson*, 287, N.C. 326, 336 (1975), vacated in part on other grounds, 428 U.S. 902 (1976). While identifying a juror's willingness to award damages is a legitimate purpose of *voir dire*, plaintiff can accomplish this task by asking general questions. Questions regarding specific dollar amounts, on the other hand, needlessly tend to "plant the seed" and "stake out" jurors before evidence is presented. Such questions should be excluded from any *voir dire*.

### D. Any Expert Testimony Regarding the Cause of Plaintiff's Injuries, the Prognosis of Those Injuries, and/or the Effects of Those Injuries

Federal Rule of Civil Procedure 26 requires "a party must disclose to the other parties the identity of any witness it may use at trial." Fed. R. Civ. P. 26(a)(2). Specifically, if the expert is retained, the disclosure must be accompanied by a written report outlining (i) a complete statement of all opinions; (ii) the facts or data considered; (iii) any exhibits that will be used; (iv) the witness's qualifications; (v) a list of all other cases during the previous four years wherein the witness has testified as an expert; and (vi) a statement of compensation. Fed. R. Civ. P. 26(a)(2)(B). Even for non-retained experts, the disclosure must at least state (i) the subject matter on which the witness is expected to testify; and (ii) a summary of the facts and opinions to which the witness is expected to testify.

In this case, Plaintiff did not disclose any expert witnesses as required by Rule 26. Specifically, Plaintiff did not name any of his treating providers as expert witnesses, nor did he provide any of the information required by Rule 26 disclosures. As such, Defendants were denied the opportunity to depose any potential expert witness and call rebuttal expert witnesses. Thus, Defendants would be prejudiced by allowing Plaintiff's treating providers to testify as expert witnesses.

**E. Any Part of the Discourse on Policing, Race, Discrimination, including any Specific National or Local Cases. Overall, Defendant asks this Court to Confine Plaintiff's Evidence to the Facts at Issue in this Case.**

Invoking any part of the discourse on policing, race, discrimination, whether past or present, local or national, is irrelevant, not probative of any fact or matter at issue in this case, and highly prejudicial. Specifically, Defendant asks the Court to prohibit Plaintiff from invoking, trading upon, reminding jurors of, or relating this incident to past or present societal issues, local or national, including but not limited to: race relations, discrimination, protests, civil rights leaders, injuries sustained by any person not herein named as a Plaintiff, or improper conduct by any officer not herein named as a Defendant. Such evidence and arguments should be excluded, and Plaintiff's evidence and arguments should be confined to the facts of this case. Fed. R. Evid. 401 & 403. This case pertains to a single instance of alleged misconduct from a use of force incident on April 12, 2021, at Southern CI. Any outside reports or news articles are irrelevant, highly prejudicial, hearsay, not the best evidence of what they would offer, and would mislead, confuse, and prejudice the jury as to the relevant facts at issue. *Branch v. Umphenour*, Case No. 1:08-cv-01655-SAB, 2017 U.S. Dist. LEXIS 7032, *14-17 (E.D.Cal. Jan. 18, 2017); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991) (Newspaper articles are inadmissible hearsay as to their content.); *Civil Liberties Union of Nevada v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998) (newspaper articles are not the best evidence of what they intend to prove). Defendant further seeks an Order prohibiting Plaintiffs from invoking these topics during *voir dire*, opening, or closing, except as expressly permitted by the Court.

**F. Any attempt to imply a "blue wall" or "code of silence."**

To the extent Plaintiff attempts to elicit or argue any contention that there was a "code of silence," "blue wall," or the like describing situations in which police generally cover for their

4

Case 5:22-cv-00289-M-RN    Document 152    Filed 01/16/26    Page 4 of 6

colleagues, as well as any other generalized testimony regarding a propensity or predisposition of police officers to lie or cover up their actions as irrelevant, without foundation, and unduly prejudicial to the specific factual issues in this case. Any mention thereto should therefore be prevented. Fed. R. Evid. 401, 403; *Nabors v. Tincher*, 2024 U.S. Dist. LEXIS 126009, *18, 2024 WL 3445501 (S.D.W.V. Jul. 17, 2024).

Respectfully submitted this the 16th day of January, 2026.

        **JEFF JACKSON**
        **Attorney General**

        /s/J. Locke Milholland, IV
        J. Locke Milholland, IV
        Special Deputy Attorney General
        N.C. State Bar No. 35449
        E-mail: JMilholland@ncdoj.gov

        /s/Laura S. Jenkins
        Laura S. Jenkins
        Special Deputy Attorney General
        N.C. State Bar No. 24827
        E-mail: ljenkins@ncdoj.gov

        North Carolina Department of Justice
        P.O. Box 629
        Raleigh, North Carolina 27699-9001
        Telephone: 919-716-6528
        Facsimile: 919-716-6761
        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

>Sean B. Mayo
>PO Box 2922
>Rocky Mount, NC 27802
>*Pro Se Plaintiff*

This the 16th day of January, 2026.

>/s/ J. Locke Milholland, IV
>J. Locke Milholland, IV
>Special Deputy Attorney General